IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: | * |
| GREGORY L. MEYERS, | * CHAPTER 7 |
|     Debtor | * |
| | * CASE NO. 1:09-bk-09310MDF |
| ORRSTOWN BANK, | * |
|     Plaintiff | * |
| | * |
| v. | * ADV. NO. 1:10-ap-00223MDF |
| | * |
| GREGORY L. MEYERS; | * |
| FLOOR COVERINGS INTERNATIONAL | * |
| CHAMBERSBURG, INC.; SUPERIOR | * |
| FLOOR COVERINGS & KITCHENS, | * |
| INC.; SUPERIOR FLOOR COVERINGS | * |
| & KITCHENS, LLC, | * |
|     Defendants | * |

## OPINION

Before me is a motion (the "Motion") filed by Gregory L. Meyers ("Debtor") requesting the Court to dismiss the above-captioned adversary complaint, as amended, (the "Complaint") filed by Orrstown Bank ("Orrstown"). The Complaint seeks an order excepting from discharge debts owed to Orrstown that arose from loan guarantees Debtor executed on behalf of Floor Coverings International – Chambersburg, Inc. ("FCIC"). For the reasons that follow, the Motion will be granted in part and denied in part.

**Procedural and Factual History**

Debtor is the sole shareholder of FCIC. On a date undisclosed in the record, Orrstown extended a commercial loan to FCIC in the amount of $210,687.07 secured by certain personalty of FCIC, including its equipment, inventory, and cash. According to the Complaint, in the course of obtaining the loan on FCIC's behalf, Debtor "knowingly misrepresented the value of the collateral used to secure the loan." (Second Amended Complaint at ¶ 20). There are no

allegations in the Complaint as to how the misrepresentations were made or the nature of the misrepresentations. Orrstown filed UCC-1 financing statements to perfect its security interest in the unspecified collateral. On or about June 16, 2005, Debtor executed documents personally guaranteeing the debt FCIC owed to Orrstown.

In the Complaint, Orrstown alleges that, as sole shareholder of FCIC, Debtor "caused equipment, inventory, cash, and other collateral of [FCIC] to be transferred, assigned or otherwise conveyed to Superior Floor Coverings & Kitchens for no consideration.[1]" The Complaint further alleges that as FCIC's principal, Debtor converted to his own use FCIC's "cash and receipts." Orrstown avers that Debtor systematically transferred assets from FCIC to Superior Floor Coverings & Kitchens ("Superior Floor") as part of a scheme to deprive Orrstown of its security. Orrstown further alleges that Debtor used Superior Floor to usurp business opportunities of FCIC.

FCIC apparently defaulted on its loan repayment obligations on several occasions, although the relevant dates and circumstances surrounding the defaults are not alleged in the pleadings. On July 30, 2009, Orrstown confessed judgment on the debt. The Complaint does not specify whether judgment was confessed against Debtor, FCIC, or both. Debtor filed his Chapter 7 bankruptcy petition on December 1, 2009.

On June 17, 2010, Orrstown initiated the instant adversary case. In response to earlier motions to dismiss, Orrstown amended its Complaint on August 3, 2010 and again on September 17, 2010. The Complaint as currently amended asserts three counts under 11 U.S.C. § 523(a).

---

[1] Orrstown alleges that Debtor is the sole shareholder of Superior Floor Coverings & Kitchens, LLC and Superior Floor Coverings & Kitchens, Inc. and refers to the entities interchangeably in the Complaint.

2

Orrstown first argues that under § 523(a)(2)(A), it holds a non-dischargeable claim against Debtor because Debtor misrepresented the value of the collateral pledged to secure Orrstown's loan to FCIC. Second, Orrstown asserts that it holds a non-dischargeable claim under § 523(a)(4) because Debtor embezzled Orrstown's collateral by transferring it to himself or to Superior Floor. Third, Orrstown alleges that its claim is non-dischargeable under § 523(a)(6) because it arose from a willful and malicious injury inflicted by Debtor when he transferred Orrstown's collateral without satisfying its claim.

On October 20, 2010, Debtor filed the instant Motion under Fed. R. Civ. P. 12(b)(6). Debtor's motion requests that the Court treat the Motion as a motion for summary judgment. The parties have filed briefs on the matter, and it is ready for decision.

## Discussion

In considering a motion to dismiss under Fed. R. Civ. P. 12(b)(6), made applicable to this proceeding by Fed. R. Bankr. P. 7012, a court must "accept all well-pleaded allegations in the complaint as true, and view them in the light most favorable to the plaintiff ." *Carino v. Stefan*, 376 F.3d 156, 159 (3d Cir. 2004). The court is not required to find that the plaintiff is likely to prevail at trial, only whether "under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Pinkerton v. Roche Holdings Ltd.*, 292 F.3d 361, 374 n.7 (3d Cir. 2002).

In *Bell Atlantic Corp. v. Twombly*, the Supreme Court cautioned that for a plaintiff to establish that he is entitled to relief, he must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." 550 U.S. 554, 555 (2007). Following the Supreme Court's decision in *Twombly*, the Third Circuit held that the facts set forth in a complaint may not be "so undeveloped so that [the complaint] does not provide a

3

defendant the type of notice which is contemplated by Rule 8." *Phillips v. County of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008). These requirements do not "impose a probability requirement at the pleading stage," but do call "for enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary element." *Twombly*, 550 U.S. at 556 (quoted in *Phillips*, 515 F.3d at 233). As the Supreme Court later elaborated, a complaint must "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. ___, 129 S. Ct. 1937, 1949 (2009). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the conduct alleged." *Id.*

A motion to dismiss under Rule 12(b)(6) generally considers the sufficiency of the complaint, but "[m]atters of public record, orders, exhibits attached to the complaint and items appearing in the record of the case" also may be considered. *Oshiver v. Levin, Fishbein, Sedran & Berman*, 38 F.3d 1380, 1384 n. 2 (3d Cir. 1994) (citations omitted). When a court relies on materials extraneous to the complaint, it must convert a motion to dismiss into a motion for summary judgment. Fed. R. Civ. P. 12(d). In this case, Debtor has requested the Court to convert the Motion to a motion for summary judgment alleging that "there are no material questions of fact and the only question is how the law should be applied to those known and undisputed facts." (Motion to Dismiss, ¶ 13). Debtor, however, has not requested the Court to consider materials outside the Complaint. Therefore, the Court declines Debtor's request and will consider issues raised under the standards for a motion to dismiss.

    A.     *Count I: debts based on extensions of credit obtained by false pretenses, a false representation, or actual fraud under § 523(a)(2)(A).*

Section 523(a)(2) provides as follows:

4

(a) A discharge under section 727 . . . does not discharge an individual debtor from any debt –

. . .

(2) for money, property, services, or an extension, renewal, or refinancing of credit, to the extent obtained by –

(A) false pretenses, a false representation, or actual fraud, other than a statement respecting the debtor's or an insider's financial condition.

(B) use of a statement in writing –
(i) that is materially false;
(ii) respecting the debtor's or an insider's financial condition;
(iii) on which the creditor to whom the debtor is liable for such money, property, services, or credit reasonably relied; and
(iv) that the debtor caused to be made or published with intent to deceive . . . .

11 U.S.C. § 523(a)(2). Paragraph (A) encompasses general claims for fraud, while paragraph (B) addresses fraud in a writing concerning the financial condition of the debtor or an insider.

Debtor argues that Orrstown's complaint fails to plead fraud under § 523(a)(2)(A) with the degree of particularity required by Fed. R. Civ. P. 9(b), made applicable to adversary proceedings in bankruptcy by Fed. R. Bankr. P. 7009. Rule 9(b) provides that "[i]n alleging fraud . . ., a party must state with particularity the circumstances constituting fraud . . . ." Generally, allegations of fraud should include: (1) a specific false representation of material fact; (2) knowledge by the person who made it of its falsity; (3) ignorance of its falsity by the person to whom it was made; (4) the intention that it should be acted upon; and (5) that the plaintiff acted upon it to his damage. *In re Suprema Specialties, Inc. Securities Litigation*, 438 F.3d 256, 270 (3d Cir. 2006) (citation omitted); *see also In re Crown-Simplimatic Inc.* 299 B.R. 319, 323 (Bankr. Del. 2003). But the Court of Appeals for the Third Circuit also has cautioned against

5

focusing too narrowly on the "particularity" requirement of Rule 9(b) and, instead, has urged courts to evaluate whether the allegations in a complaint adequately describe "the nature and subject of the alleged misrepresentation." *Seville Indus. Mach. v. Southmost Mach. Corp.*, 742 F.2d 786, 791 (3d Cir. 1984) (*quoting Christidis v. First Pa. Mortgage Trust*, 717 F.2d 96, 100 (3d Cir. 1983).

Assuming for purposes of Debtor's Motion that the allegations of the Complaint are true, Orrstown has alleged: (1) that Debtor, as "President and agent of [FCIC]," misrepresented the value of collateral pledged to secure the loan made by Orrstown to FCIC; (2) that the misrepresentation was made knowingly; (3) that Orrstown justifiably relied on the misrepresentation; and (4) that Orrstown suffered damage in the amount of $210,687.07. Although many of the relevant facts are included, the Complaint fails to describe what specific representation was made concerning the value of FCIC's collateral and why this representation was false.[2] It is impossible for the Debtor to respond to the conclusory allegations that he made a misrepresentation, that he knew it was false and that Orrstown justifiably relied on the misrepresentation without knowing what statements Orrstown is characterizing as "misrepresentations." Therefore, the Complaint is insufficient to sustain a cause of action.

Claims, however, should be decided on the basis of the substantive rights involved rather than on technicalities. A plaintiff should be given every opportunity to cure a defect in the

---

[2]The reasons for the lack of specificity in the Complaint are more clearly understood upon review of Orrstown's brief in opposition to the Motion. In the brief Orrstown admits that it does not know whether assets to secure the loan ever existed and, if they existed, whether they were transferred to a third party. The Court is left to wonder whether Orrstown ever asked for a listing of collateral before it filed its UCC-1 and, if so, whether Debtor provided a listing. Although Orrstown filed a proof of claim and alleged that the claim is secured, the proof states that the debt is secured by real estate. No security agreements are attached to the proof of claim.

pleading if it appears that the deficiency can be cured through amendment. *See Highland Tank and Mfg. Co. v. PS International, Inc.*, 393 F. Supp. 2d 348, 352 (W.D. Pa. 2005)(citing Charles Alan Wright & Arthur R. Miller, *Federal Practice & Procedure* § 1357 (3d ed.2004)(footnotes omitted)). Orrstown will be given thirty days to file an amended complaint specifically addressing the acts committed by Debtor that are alleged to be fraudulent in support of its claim under § 523(a)(2)(A). If the Complaint is not amended within thirty days, Orrstown's claim under § 523(a)(2) will be dismissed.

> B. *Count II: debts based on an extension of credit obtained by embezzlement under § 523(a)(4).*

Section 523(a)(4) provides that a debtor will be denied a discharge for a debt that is "for fraud or defalcation while acting in a fiduciary capacity, embezzlement, or larceny." 11 U.S.C. § 523(a)(4). This section addresses fraud or defalcation by a fiduciary and embezzlement or larceny while not acting as a fiduciary. *In re Napoli*, 82 B.R. 378 (Bankr. E.D. Pa. 1988) (citing 3 *Collier on Bankruptcy* 523.14 (15th ed. 1987)).

Orrstown asserts that Debtor embezzled the assets of FCIC by converting them to his own use or to the use of a related company, Superior Floor. "Embezzlement is the fraudulent appropriation of property by a person to whom such property has been intrusted, or into whose hands it has lawfully come." *Moore v. United States*, 160 U.S. 268, 269 (1895) (quoted in *Valansi v. Ashcroft*, 278 F.3d 203, 219 (3d Cir. 2002). "[T]he act of embezzlement violates a relationship of trust and confidence." *Valansi*, 278 F.3d at 219.

Debtor argues that Orrstown cannot prove a case for nondischargeability under § 523(a)(4) because Orrstown did not own the property allegedly converted. The Court agrees.

7

"[A] creditor with a mere security interest in collateral [does] not have a claim for embezzlement pursuant to § 523(a)(4)." *In re Dulgerian*, 388 B.R. 142, 151 (Bankr. E.D. Pa. 2008) (citing *In re Phillips*, 882 F.2d 302 (8th Cir. 1989). In *In re Brown*, 399 B.R. 44, 47-48 (Bankr. N.D. Ind. 2008), the bankruptcy court ruled on facts similar to those alleged in the case at bar. In *Brown*, the creditor had extended a loan to the debtor's insurance business and had taken a security interest in the business's receivables – commissions that were to be deposited into an account controlled by the creditor. The debtor, who had also personally guaranteed the loan, caused certain commissions to be deposited into a different account not controlled by the creditor. After the debtor filed her bankruptcy petition, the creditor filed an adversary complaint requesting the bankruptcy court to declare that the outstanding balance of the guaranteed loan was non-dischargeable under § 523(a)(4). The court granted the debtor's motion to dismiss the action, explaining as follows:

> [A] debtor that misappropriates a creditor's collateral, and uses it for purposes other than repaying the creditors's loan, does not steal or embezzle that property. Their actions may be a breach of contract, or even conversion, but not embezzlement or larceny under § 523(a)(4). See, *Matter of Phillips,* 882 F.2d 302, 304-305 (8th Cir.1989); *In re Kjoller,* 395 B.R. 845, 851 (Bankr.W.D.N.Y.2008); *In re Barnes,* 369 B.R. 298, 305-306 (Bankr. W.D. Tex.2007); *Matter of Moller,* 2005 WL 1200916 *2 (Bankr. N.D. Iowa, 2005).

*In re Brown*, 399 B.R. at 47-48. In the instant case, Orrstown does not allege that it owned the assets, only that it held a security interest. Accordingly, those assets could not have been "embezzled" from it. Therefore, the motion to dismiss as to Orrstown's claim under § 523(a)(4) will be granted.

        C.      *Count III: debts based on a willful and malicious injury to another entity or the property of another entity under § 523(a)(6).*

8

Section 523(a)(6) provides that a debt is nondischargeable if it is incurred as a consequence of "willful and malicious injury by the debtor to another entity or to the property of another entity." 11 U.S.C. § 523(a)(6).

Orrstown alleges that it suffered a willful and malicious injury when Debtor knowingly and intentionally transferring its collateral beyond its reach. "Historically, issues concerning dischargeability and the allegedly improper disposition of a creditor's collateral are litigated under [§ 523(a)(6)] of the Bankruptcy Code." *In re Brown*, 399 B.R. at 48 (citing *In re Russell,* 262 B.R. 449 (Bankr. N.D. Ind. 2001); *In re Heath,* 114 B.R. 310, 311 (Bankr. N.D. Ga. 1990)). Debtor moves to dismiss Orrstown's third cause of action on the grounds that Debtor's transfer of FCIC's assets was not intended to harm Orrstown, but to "maximiz[e] his personal financial interests." (Debtor's Brief at p. 10.) Debtor asserts that the Complaint is deficient because it lacks a specific allegation that Debtor intended to inflict harm on Orrstown.

In *Kawaauhau v. Geiger,* the Supreme Court held that in order to constitute a willful injury under § 523(a)(6), a plaintiff must plead and prove that the defendant actually intended to inflict harm, not merely that the defendant injured the plaintiff as a consequence of an intentional act. 523 U.S. 57, 61-62 (1998). Injuries either negligently or recklessly inflicted do not come within the scope of § 523(a)(6). *Id.* at 64. *Geiger* did not address, however, the state of mind required to meet the willfulness standard. *Petralia v. Jercich (In re Jercich)*, 238 F.3d 1202, 1207 (9th Cir. 2001). In *Jercich*, the debtor argued that under the Supreme Court's holding in *Geiger,* a plaintiff must prove that an actor possessed a specific intent to harm a creditor for the action to be characterized as "willful." The Ninth Circuit disagreed observing that although the Supreme Court determined that the *harm* must be intentional, not just the action, it cited with approval the

9

state of mind formulation set forth in the Supreme Court's prior decision of *McIntyre v. Kavanaugh*, 242 U.S. 138 (1916) and in the Restatement of Torts (Second) § 8A. In *McIntyre*, the debt at issue arose from the debtor's conversion of the creditor's property. The Supreme Court held that the debt was excepted from discharge under § 523(a)(6), finding that a voluntary, wrongful act that the actor knows is wrongful and will necessarily cause injury meets the "willful and malicious" standard of § 523(a)(6). Similarly, the *Geiger* Court cited the Restatement definition of intent which requires that the actor either desire the consequences of an act or know that the consequences of an act are substantially certain to result. "Under this definition, the actor's deliberate act with knowledge that the act is substantially certain to cause injury is sufficient to establish willful intent." *In re Jercich*, 238 F.3d at 1207-08 (quoted in *Hamm & Associates, Inc. v. Sparrow (In re Sparrow)*, 306 B.R. 812, 836 (Bankr. E.D. Va. 2003).

> [O]ne can properly conclude that the Supreme Court in *Kawaauhau* indirectly held that an injury is deliberate or intentional if an actor acts with knowledge that there is substantial certainty that injury will result. Finally, "[t]he Court's citation with approval of *McIntyre v. Kavanaugh*, . . . suggests that [(a)] a specific intent to injure is not necessary," 4 *Collier on Bankruptcy* ¶ 523.12[1] at 523-92.1, and (b) an intentional injury is evidenced if an act is taken with knowledge that it will necessarily cause injury. *See Id. . . .*"

*In re Slomnicki*, 243 B.R. 644, 649 n.2 (Bankr. W.D. Pa. 2000). *See also In re Conte*, 33 F.3d 303, 305 (3d Cir. 1994) ("An injury is willful and malicious under the Code only if the actor purposefully inflicted the injury or acted with substantial certainty that injury would result.")

The question before the Court is whether Orrstown has stated a claim under § 523(a)(6) by alleging that Debtor committed a voluntary, wrongful act that he knew was wrongful and which he did with substantial certainty that injury would result. The Complaint contains the following allegations:

10

> Knowing that he was leaving [FCIC] without personalty which had secured the debt to [Orrstown], and knowing that his Commercial Guaranty could not be paid with personal assets, [Debtor] willfully and maliciously injured [Orrstown] by transferring the only collateral which could secure the debt—the property of [FCIC]—to his new company [Superior Floor], where the personalty would further his own financial gain at the expense of [Orrstown].

Second Amended Complaint, p. 8.

This statement clearly alleges that Debtor committed a voluntary, wrongful act that he knew was wrongful and which he did with substantial certainty that injury to Orrstown would result. Accordingly, Debtor's motion to dismiss Orrstown's claim under § 523(a)(6) will be denied.

An appropriate Order will be entered.

By the Court,

_Mary D. France_
Chief Bankruptcy Judge

Date: December 29, 2010

11